946 F.2d 887
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sharon Rene BUHLS, a/k/a Sharon Rene Harvey, Defendant-Appellant.
 No. 90-5355.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 10, 1991.
Decided Oct. 10, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca B. Smith, District Judge. (CR-90-1-N)
 Robert Dean Eisen, Norfolk, Va., for appellant.
 Henry E. Hudson, United States Attorney, Harvey Lee Bryant, III, Assistant United States Attorney, Norfolk, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before SPROUSE and NIEMEYER, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Sharon Rene Buhls appeals the district court's application of the sentencing guidelines pursuant to 18 U.S.C. § 3742(a)(2). We affirm.
 
 
 2
 Buhls pleaded guilty to one count of a ten-count indictment charging her with devising and implementing a fraudulent scheme by use of the mail and false social security numbers. Buhls was the regional vice president with A.L. Williams & Associates, Inc., an insurance services company. The indictment alleged that she caused approximately 89 fraudulent insurance applications to be submitted to the Massachusetts Indemnity and Life Insurance Co. (MILICO), resulting in the loss of approximately $78,000.00. The count to which she pleaded guilty set out this general information about the scheme and charged her with causing to be placed in the mail a check in the amount of $11,849.31 from MILICO to herself as part of the scheme, in violation of 18 U.S.C. §§ 1341 and 2.
 
 
 3
 On appeal, Buhls contends that the district court used an improper amount of loss in determining her base offense level pursuant to U.S.S.G. § 2F1.1, that the court erred in not finding that she was a minimal or minor participant in the scheme pursuant to § 3B1.2 and in finding that she was a leader or organizer pursuant to § 3B1.1. Buhls also contends that the district court abused its discretion in finding against her on these issues.
 
 
 4
 We find that the district court properly held Buhls accountable for the $78,000.00 loss as alleged in the indictment. See United States v. Ruelas-Armenta, 684 F.Supp. 1048 (C.D.Cal.1988). Buhls argued to the district court that the amount of loss should include only the amount of loss to MILICO from the check in the count to which she pleaded guilty, less some credit for restitution already made. However, the count to which she pleaded guilty also included, by reference, the allegations that she devised and implemented the scheme which resulted in the total loss of approximately $78,000.00. Accordingly, the district court properly considered the entire amount of loss caused by the fraudulent scheme in determining Buhl's base offense level. See United States v. Ruelas-Armenta, supra; U.S.S.G. § 1B1.3(a)(2).
 
 
 5
 Additionally, we are persuaded that the district court's determination that Buhls devised and implemented the scheme, that she was an organizer or leader, and that she was not a minimal or minor participant are not clearly erroneous. See generally United States v. Gordon, 895 F.2d 932 (4th Cir.), cert. denied, 111 S.Ct. 131 (1990).
 
 
 6
 In view of the above, the judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.